No. 21,848.

MINNIE LOYD NELSON, *Appellee*, v. THE ELGIN STATE BANK, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL ACT—*Incapable of Ratification.* The criminal act of a bank cashier in abstracting funds of his bank is not capable of ratification by a defrauded depositor to whose account the funds were charged.

2. BANK CASHIER—*Making Wrongful Use of Depositors' Money—Ratification by Depositor.* The evidence examined, and held sufficient to sustain a verdict implying that a bank cashier was without authority to lend the funds of a depositor, and that the depositor did not ratify loans which he claimed he did make.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed June 7, 1919. Affirmed.

*J. A. Ferrell,* of Sedan, for the appellant.

*Archie D. Neale,* of Chetopa, and *J. E. Brooks,* of Sedan, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover a bank deposit. The defense was that the deposit was fully paid out to the plaintiff personally, or upon her specific order and direction. The plaintiff recovered, and the defendant appeals.

The defendant collates with care, and urges upon the attention of the court, testimony and circumstances tending to prove the plaintiff authorized the defendant's cashier to lend the money standing to her credit on the books of the bank, which he did. The plaintiff points to testimony and circumstances tending to disprove the conferring of any such authority. The debate which took place before the jury is renewed here, and with the result which always attends debates of that kind. The evidence was indeed conflicting. If the testimony of the plaintiff were not fully consistent in all details, it seems the defendant's chief witnesses were scarcely believed at all. The jury has resolved the matter. All this court can do is to ascertain whether or not there was substantial evidence which, if credited, supported the verdict, and there was.

The defendant contends that if the cashier did not in fact possess antecedent authority to lend the plaintiff's money, the plaintiff ratified loans which he did make. Knowledge of the facts relating to the transactions was essential before intention to be bound by the cashier's conduct could be imputed to the plaintiff, and the court so instructed the jury. The story of how the plaintiff's money was actually used, of how she was kept in ignorance of the truth despite repeated efforts to secure an explanation of what had been done, and of how the defendant tried to overreach her at the end, is a sordid one, the details of which will be omitted. It is sufficient to say the jury was well within its province when it declined to bind the plaintiff by ratification.

The cashier's name was Black. He claimed he lent the plaintiff's money to two men, Mallonee and Thompson. The books of the bank disclosed that the money was transferred from the plaintiff's account to the account of Mallonee and Thompson.

There was evidence that Mallonee and Thompson were heavily indebted to Black, to the bank, and to others, and needed the money. There was ground for the inference that the notion of a loan of the plaintiff's money to Mallonee and Thompson by virtue of authority given Black was a subterfuge and an afterthought. The court instructed the jury as follows:

"If you believe from the evidence that R. W. Black abstracted from the bank money for the purpose of crediting the account of Mallonee and Thompson on the books of the bank, but that Mrs. Nelson had not directed Black to loan her money, then you are instructed that the question of ratification will not be considered by you."

The defendant complains of this instruction, which was based on section 44 of the banking act, making it a felony for the cashier of a bank to abstract moneys of the bank. (Gen. Stat. 1915, § 557.)

In the case of *Howell, Jewett & Co. v. McCrie,* 36 Kan. 636, 14 Pac. 257, this court definitely and positively declined to recognize ratification of a criminal act, done without authority, in such a way as to give it a status equivalent to that of an act done by previous authority. The signature to a mortgage upon a woman's homestead was forged, and a certificate of her acknowledgment of execution of the instrument was forged. In the opinion it was said:

"We will not stop to discuss the question as to whether the act of Stoner in signing the name of his wife to the mortgage, or procuring some other person to do so, is a void or a voidable act, and if void not subject to ratification. . . . A criminal act is not capable of ratification. . . . We will not temporize or refine with this question. It may be said that the wife should be permitted to ratify the mortgage so far as the innocent mortgagee is concerned, he having no knowledge of the fraud; but the answer to this is, that both the signatures to and the certificate of the execution and acknowledgment of the mortgage are criminal acts, and cannot be ratified for any purposes. It is always the case that some innocent persons suffer by reason of the commission of a criminal act, for no good results can flow from it, nor any rights be acquired by it or in consequence of it. We cannot conceive of any state of facts or any chain of circumstances, except it possibly be by estoppel, whereby any person can acquire any interest, estate or lien upon real estate by an instrument to which signatures are forged, and a false certificate of acknowledgment is attached." (pp. 653, 654.)

The doctrine announced in the McCrie case was approved and applied in the case of *Redden v. Tefft,* 48 Kan. 302, 29 Pac. 157, which likewise involved forgery. The public policy which

underlies the doctrine makes it peculiarly applicable to crimes committed by bank officers in dealing with funds of their banks.

The intimation in the opinion in the McCrie case, that one who has been represented by another without authority may become bound by estoppel, although the transaction involved crime, is in accord with the authorities. (2 C. J. 472.) In this instance estoppel was neither pleaded nor proved, and the instruction was properly given.

The judgment of the district court is affirmed.